UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 15-14234-RWZ


JUAN PAGAN

v.

OSVALDO VIDAL


MEMORANDUM OF DECISION

March 31, 2017


ZOBEL, S.D.J.


Petitioner Juan Pagan petitions under 28 U.S.C. § 2254 for a writ of habeas

corpus.  Docket # 1.  He alleges that his right to a public trial was violated because the

public was excluded from jury empanelment and that his counsel was ineffective for

failing to object to the courtroom closure.  The Commonwealth moves to dismiss this

petition, claiming that the public trial violation claim was defaulted in state court and that

petitioner's ineffective assistance of counsel claim cannot provide cause to excuse this

default.  Docket # 11.

I.      **Background**[1]

On July 24, 2007, petitioner was convicted by a jury of murder in the first degree.

Commonwealth v. Pagan, 31 N.E.3d 575, 577 (Mass. 2015), cert. denied, 136 S. Ct.

548 (2015).  There was no dispute at trial that he stabbed Alex Castro Santos to death

---

[1]      The facts are recited as set forth in the Massachusetts Supreme Judicial Court's decision,
"fleshed out by other facts contained in the record and consistent with the state court findings."
McCambridge v. Hall, 303 F.3d 24, 26 (1st Cir. 2002) (en banc); see 28 U.S.C. § 2254(e)(1).

when petitioner was sixteen years old.  Id.  Petitioner maintained that he had acted in

self-defense and that he had attention deficit hyperactivity disorder as well as

depression, which together with his age, led him to act impulsively.  Id. at 577, 579.

The judge gave the jury instructions that explained murder in the first degree based on

a theory of deliberate premeditation, murder in the second degree, voluntary

manslaughter based on reasonable provocation and using excessive force in self-

defense, self-defense as a complete defense, and mental impairment as it related to

deliberate premeditation.  Id. at 579–80.

Petitioner filed a motion to reduce the verdict to murder in the second degree on

August 9, 2007, which the trial judge granted.  Id. at 577; Docket # 12-1, at 5.  The

Commonwealth appealed this order.  Pagan, 31 N.E.3d at 577; Docket # 12-1, at 6.

Petitioner then filed a direct appeal on July 1, 2008, claiming that the trial judge

committed reversible error by failing to instruct the jury on involuntary manslaughter.

Pagan, 31 N.E.3d at 577 & n.2; Docket #12-1, at 6.  About four years later, on June 13,

2012, petitioner filed a motion for a new trial under Massachusetts Rules of Criminal

Procedure 30(b) in the Superior Court, arguing that his Sixth Amendment right to a

public trial was violated by the trial judge closing the courtroom during jury

empanelment.  Pagan, 31 N.E.3d at 577.  The trial judge held a hearing and denied the

motion.  Id.

Petitioner's direct appeal was consolidated with his motion for a new trial in the

Massachusetts Appeals Court, and the Massachusetts Supreme Judicial Court ("SJC")

granted the Commonwealth's application for direct appellate review.  Id.  The SJC

affirmed petitioner's conviction, the order denying his motion for a new trial, and the

order reducing the verdict from murder in the first degree to murder in the second

degree.  Id.  With regard to petitioner's motion for a new trial based on the violation of

his right to a public trial, the SJC found that this claim was procedurally waived and that

petitioner did not show that any prejudice arose from the closure.  Id. at 585.

Accordingly, it held that petitioner's claim that his counsel was ineffective by failing to

object to the closure was meritless.  Id.  On December 29, 2015, petitioner filed a

petition for a writ of habeas corpus in this court based on the denial of his right to a

public trial and his having received ineffective assistance of counsel in that regard.  See

Docket # 1.

## II.     Standard

"[A] person in custody pursuant to the judgment of a State court" can file "an

application for a writ of habeas corpus. . . only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  Petitioners seeking relief under this statute must first, with limited exceptions,

exhaust the "remedies available in the courts of the State."  Id. § 2254(b)(1).  Federal

courts "will not review a question of federal law decided by a state court if the decision

of that court rests on a state law ground that is independent of the federal question and

adequate to support the judgment."  Lambrix v. Singletary, 520 U.S. 518, 522–23

(1997) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)); see also Johnson v.

Mississippi, 486 U.S. 578, 588–89 (1988) (explaining that the state grounds must be

"consistently or regularly applied").  "The 'independent and adequate state ground'

doctrine . . . applies to bar consideration on federal habeas of federal claims that have

been defaulted under state law."  Lambrix, 520 U.S. at 523.

## III.    Discussion

Petitioner provides two grounds for relief in his petition: (1) that he was denied

his right to a public trial in violation of the Sixth and Fourteenth Amendments to the

Constitution; and (2) that his counsel's failure to object to the closure constituted

ineffective assistance.  See Docket # 1.

### A.    The Courtroom Closure

At the beginning of jury empanelment, the judge announced that the public,

including the petitioner's and the victim's families, would have to wait outside the

courtroom:

> All right.  And there are, in the courtroom, two groups of
> people, and I assume one group is with the Defendant and one
> group is related to the victim's family.  Today we are going to
> have over a hundred jurors in the courtroom, which means
> there's going to be no room for anybody but the potential jurors
> when we do the impanelment.  Once the impanelment is over,
> obviously, you can come back into the courtroom, but we just
> don't have the space.
> Yesterday it was not going to be a problem because we
> only had fifty-something jurors, and, so, there was going to be
> space for both groups of people.  So for purposes of the
> impanelment process you're going to have to wait outside of
> the courtroom.  We simply do not have the space for you.
> That's number one.

Docket # 18, at 3.

Neither of petitioner's counsel objected.  In subsequent affidavits, both of petitioner's

attorneys attested that they were unaware that a defendant's right to a public trial

included the right to have the public present during jury empanelment.  Dockets ## 19,

20.  Petitioner also submitted an affidavit that he did not agree to have the public or his

family excluded from the courtroom and would not have agreed had he been given the choice.  Docket # 21.

### B.    Public Trial Right

Under the Sixth Amendment, "[a] defendant has a right to a trial that is open to members of the public."  Owens v. United States, 483 F.3d 48, 61 (1st Cir. 2007).  This guarantee is for the defendant's benefit, as "a trial is far more likely to be fair when the watchful eye of the public is present."  Id.  "The public trial guarantee has been considered so important that courts have reversed convictions or granted habeas relief where the courtroom was closed for the announcement of the verdict, . . . where a trial inadvertently ran so late one night that the public was unable to attend,. . . and where the trial was closed for the testimony of just one witness."  Id. (citations omitted).  The right to a public trial extends to voir dire.  See id. at 61–63.

To justify a closure, "the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure."  Waller v. Georgia, 467 U.S. 39, 48 (1984).  Justifications include protecting witnesses and maintaining order in the courtroom; "convenience to the court" is likely not a justification, and courts are obligated to consider whether alternative arrangements are available before closing a courtroom.  Owens, 483 F.3d at 62 (explaining that "[g]iven the strong interest courts have in providing public access to trials, the district court could have considered whether a larger courtroom was available for jury selection," and

that "[i]f the closure alleged by [defendant] did occur, the court was obligated to

consider this alternative").

Denial of a defendant's right to a public trial is considered a "structural error."  Id.

at 64.  "A structural error is one 'affecting the framework within which the trial proceeds,

rather than simply an error in the trial process itself.'"  Wilder v. United States, 806 F.3d

653, 658 (1st Cir. 2015) (quoting Neder v. United States, 527 U.S. 1, 8 (1999)), cert.

denied, 136 S. Ct. 2031 (2016).  These errors "'infect the entire trial process,' and

'necessarily render a trial fundamentally unfair.'"  Id. (quoting Neder, 52 U.S. at 8).

Accordingly, when a public trial violation has occurred "'the defendant should not be

required to prove specific prejudice in order to obtain relief,' because 'the benefits of a

public trial are frequently intangible, difficult to prove, or a matter of chance.'"  Bucci v.

United States, 662 F.3d 18, 22 (1st Cir. 2011) (quoting Waller, 467 U.S. at 49 & n.9).

**C.    Procedural Default**

In this case, the SJC held that petitioner's public trial violation claim was

procedurally waived because he failed to object to the closure at trial and that no

prejudice was demonstrated to have occurred from the closure.[2]  Pagan, 31 N.E.3d at

585; see Commonwealth  v. Jackson, 28 N.E.3d 437, 443 (Mass. 2015) (explaining that

"the 'right to a public trial may be procedurally waived whenever a litigant fails to make a

timely objection,'" even if counsel was unaware of the closure (quoting Commonwealth

v. Wall, 15 N.E.3d 708, 725 (Mass. 2014)), cert. denied, 136 S. Ct. 1158 (2016)); see

---

[2]      As discussed further below, the SJC has held "that where the defendant has procedurally
waived his Sixth Amendment public trial claim by not raising it at trial, and later raises the claim as one of
ineffective assistance of counsel in a collateral attack on his conviction, the defendant is required to show
prejudice from counsel's inadequate performance (that is, a substantial risk of a miscarriage of justice)
and the presumption of prejudice that would otherwise apply to a preserved claim of structural error does
not apply."  Commonwealth v. LaChance, 17 N.E.3d 1101, 1104 (Mass. 2014).

also Wall, 15 N.E.3d at 725 ("A procedural waiver may occur where the failure to object is inadvertent."). This Massachusetts procedural default rule has been regularly enforced by the SJC. See Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002); see also Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010) ("We have held, with a regularity bordering on the monotonous, that the Massachusetts requirement for contemporaneous objections is an independent and adequate state procedural ground, firmly established in the state's jurisprudence and regularly followed in its courts."). Therefore, petitioner's procedural waiver constitutes an independent and adequate state ground to preclude his claim.

"There are, however, exceptions to the bar on habeas review if the prisoner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Brewer v. Marshall, 119 F.3d 993, 999 (1st Cir. 1997) (quoting Coleman, 501 U.S. at 749-50). Here, petitioner argues that his counsel's ineffective assistance by failing to object to the closure satisfies this cause and prejudice requirement.[3]

_____

[3] Petitioner also claims that the SJC's "finding of waiver, in this context, is 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Docket # 17, at 4 (quoting 28 U.S.C. § 2254(d)(1)). I disagree. See Simpson v. Matesanz, 175 F.3d 200, 206 (1st Cir. 1999) ("Wainwright v. Sykes, 433 U.S. 72 . . . (1977), held that a defendant's failure to object to a claimed judicial error (including one of constitutional dimension) at a state trial constitutes an independent and adequate state ground to uphold the conviction if the state has a contemporaneous objection rule and consistently enforces that rule. . . . Massachusetts has such a contemporaneous objection rule. (citation omitted)); see also Bucci, 662 F.3d at 29 (finding that petitioner's "Sixth Amendment claim was procedurally defaulted due to his failure to object to the courtroom closure at trial").
    Petitioner does not contend that he can avoid the procedural bar by showing a fundamental miscarriage of justice. Cf. Hodge v. Mendonsa, 739 F.3d 34, 43 (1st Cir. 2013). In any event, such an argument would be unavailing. See Janosky, 594 F.3d at 46.

"To prove ineffective assistance of counsel, a defendant must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" Owens, 483 F.3d at 57 (quoting Strickland v. Washington, 466 U.S. 668, 687–88 (1984)).  Absent any justification, counsel's failure to object to a courtroom closure "may constitute ineffective assistance of counsel." Id. at 66.  The First Circuit has distinguished failure to object to a complete closure from failure to object to a partial closure and explained that while there may be tactical reasons not to object to a partial closure, "in complete closure situations, counsel's failure to object may in general be an unsound trial strategy." Bucci, 662 F.3d at 31.  Specifically, a "complete closure has a far more severe impact on the rights of the accused than a partial closure," and "a complete closure is extremely difficult to justify, and an objection by counsel is not likely to divert attention and resources from other significant issues." Id. at 30–31.  For these reasons, I conclude that here, in the case of a complete closure,[4] counsel's representation fell below an objective standard of reasonableness.  Indeed, counsel attested that their failure to object was not based on any tactical consideration but was because they were unaware that the right to a public trial extended to jury selection.

---

[4]        The Commonwealth does not suggest in its memorandum of law supporting its motion to dismiss that this was a partial closure. Cf. Owens, 483 F.3d at 66 ("[C]losure of jury selection to the public for an entire day without meeting the strict requirements of Waller would violate a defendant's right to a public trial."); see United States v. Espinal-Almeida, 699 F.3d 588, 600 n.11 (1st Cir. 2012) (describing the closure in Owens as a "total courtroom closure[]"). Compare id. at 63 ("[Petitioner's] trial was allegedly closed to the public for an entire day while jury selection proceeded."), with Wilder, 806 F.3d at 656, 660–61 (finding no complete closure when court held individual questioning of potential jurors in jury deliberation room), and Bucci 662 F.3d at 24–26, 30 (distinguishing Owens and finding a partial closure when some of defendants' family members present for jury selection but other family members and friends as well as members of the general public excluded during first part of jury selection).

Whether counsel's failure to object prejudiced petitioner's defense such that their representation constitutes ineffective assistance presents a much more difficult issue. To be clear, petitioner "must make two showings of prejudice." Owens, 483 F.3d at 64 n.13; see also Bucci, 662 F.3d at 29.  First, he must show that "counsel's failure to object to the trial closure prejudiced him for the purposes of determining whether there was ineffective assistance of counsel." Owens, 483 F.3d at 64 n.13.  That is the inquiry relevant here, when petitioner seeks to use his counsel's ineffective assistance to demonstrate "cause" for his procedural default.  The second showing of prejudice is the "prejudice to excuse his procedural default." Id.[5]

If petitioner were convicted in federal court and bringing his motion pursuant to 28 U.S.C. § 2255, then he would not need to establish actual prejudice for purposes of ineffective assistance of counsel.  See id. at 64, 66 (holding that "a defendant who is seeking to excuse a procedurally defaulted claim of structural error need not establish actual prejudice," and so "the court need not require [petitioner] to prove that his counsel's failure to object to the trial closure was actually prejudicial").  Indeed, the First Circuit explained that it "believe[s] that the[] showings of prejudice overlap, and . . . resolve[d] them simultaneously." Id. at 64 n.13.

However, in Owens, the First Circuit left open the possibility that its holding may not apply to petitions brought pursuant to 28 U.S.C. § 2254, arising from state court convictions.  The court noted that "[t]o the extent . . . comity and federalism concerns might justify the requirement that a petitioner show prejudice arising out of a structural

_____

[5]     Because a public trial violation is a structural error, petitioner would not need to establish actual prejudice for this second prejudice showing.  See Owens, 483 F.3d at 64; see also Wilder, 806 F.3d at 658.

error, they do not exist here, where [petitioner] is petitioning from a conviction in federal court." Id. at 65 n.14. And the SJC, in addressing this question, has held that "where the defendant has procedurally waived his Sixth Amendment public trial claim by not raising it at trial, and later raises the claim as one of ineffective assistance of counsel in a collateral attack on his conviction, the defendant is required to show prejudice from counsel's inadequate performance . . . and the presumption of prejudice that would otherwise apply to a preserved claim of structural error does not apply." Commonwealth v. LaChance, 17 N.E.3d 1101, 1104 (Mass. 2014). The SJC acknowledged that its holding diverged from that in Owens, and explained that its reasoning is "more aligned with that of the United States Court of Appeals for the Eleventh Circuit in Purvis v. Crosby, 451 F.3d [734 (11th Cir. 2006)], which has concluded that aside from the three exceptions noted in Strickland and [United States v. Cronic, 466 U.S. 648 (1984)], none of which is present here, the United States Supreme Court has instructed that prejudice must be shown in a claim for ineffective assistance of counsel." Id. at 1106. Accordingly, the SJC concluded that "[t]he structural nature of the underlying error does not automatically excuse the defendant from showing prejudice when advancing an unpreserved claim." Id. at 1105.

The Commonwealth argues that I should defer to the SJC and decline to find that counsel's failure to object prejudiced petitioner absent a showing of actual prejudice. Given the potential "comity and federalism" concerns raised in Owens, I will follow the SJC's holding and require petitioner to demonstrate actual prejudice when using ineffective assistance of counsel as "cause" for procedural default in a petition

arising under § 2254.[6]  See Owens, 483 F.3d at 65 n.14; cf. Coleman, 501 U.S. at 730–31 ("In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism.  Without the rule, . . . habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws."); Hatcher v. Hopkins, 256 F.3d 761, 764 (8th Cir. 2001) ("The Supreme Court has recently detailed the circumstances necessary to bypass a state-law procedural default in a § 2254 petition, and 'structural error' is not listed among them.").  To be sure, this creates a situation where under certain circumstances, a petitioner convicted in state court cannot obtain habeas relief for an unobjected-to public trial violation, while he or she could if convicted in federal court.  Perhaps the inconsistency arising out of the disparate case law will now lead the First Circuit to resolve this issue differently.  Until then, however, petitioner must demonstrate that actual prejudice arose from his counsel's failure to object to the closure.  He has failed to do so.

---

[6]     The Commonwealth also maintains that I must defer to the SJC because its holding is not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).  This deferential standard applies to claims "adjudicated on the merits in State court proceedings," id. § 2254(d), and so would apply to the SJC's ineffective assistance of counsel determination to the extent it was an independent basis of relief. See Yeboah-Sefah v. Ficco, 556 F.3d 53, 70 & n.7 (1st Cir. 2009).  For this reason, petitioner's second claim of ineffective assistance of counsel fails.  Whether the deferential § 2254(d)(1) standard applies when the ineffective assistance of counsel argument is embedded within the "cause" and "prejudice" inquiry, however, presents a question unresolved by the First Circuit.  See Janosky, 594 F.3d at 44–45 (explaining that "[t]here is disagreement among courts about whether, when the state court has decided a direct ineffective assistance claim, that decision is entitled to [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] deference in the cause-and-prejudice context or whether the ineffective assistance claim is reviewed de novo as to cause and prejudice" and declining to decide the issue).  Under these circumstances, whether under AEDPA or as a de novo matter, the potential federalism concerns noted in Owens, together with the SJC's ruling on the issue, lead me to require petitioner show actual prejudice when using ineffective assistance of counsel to show "cause" for a procedural default in a § 2254 petition.

11

## IV.    Conclusion

For the reasons above, petitioner's petition for a writ of habeas corpus (Docket #

1) is DENIED.  The Commonwealth's motion to dismiss the petition (Docket # 11) is

ALLOWED.


| March 31, 2017 | | /s/Rya W. Zobel |
| --- | --- | --- |
| DATE | | RYA W. ZOBEL |
| | | SENIOR UNITED STATES DISTRICT JUDGE |